UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GALVIN<br>    Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA<br>    Defendant | No. _____ |

## PLAINTIFF'S COMPLAINT

### INTRODUCTION

This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., and this Court has jurisdiction over the subject matter of this dispute filed by James Galvin of Duxbury, Massachusetts, alleging tortious conduct on behalf of an employee of the government as a result of a motor vehicle collision and seeking money damages and declaratory relief.

### JURISDICTION AND VENUE

1. The Plaintiff presented his claim under 28 U.S.C. § 2675(a) to Food & Drug Administration, Logistics and Branch Management in Silver Springs, Maryland on April 19, 2024. The FTCA has an administrative exhaustion requirement under which a claimant, before filing suit, must tender an administrative claim to the federal government. If the relevant agency does not finally dispose of the administrative claim within six months, then the claimant is deemed to have exhausted administrative remedies. 28 U.S.C. § 2675(a). The Plaintiff filed an administrative claim with the relevant federal agency more than six months ago, and the agency did not finally dispose of the Plaintiff's claims.

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Federal Torts Claim Act (FTCA), 28 U.S.C. §§ 1346 & 2671-80. The FTCA also confers jurisdiction. 28 U.S.C. § 1346(b)(1).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim all transpired in the Commonwealth of Massachusetts, and pursuant to 28 U.S.C. § 1346(b)(1) because this is a civil action against the United States for personal injury arising out of conduct of a United States employee.

## PARTIES

4. The Plaintiff, James Galvin, is, and was at all times referenced herein, an adult citizen of the United States and was, at all times relevant to the allegations herein a resident of Duxbury, Commonwealth of Massachusetts.

5. The Defendant, United States of America, is the governmental entity that owns the vehicle operated by its employee that is the subject matter of this litigation.

## FACTS COMMON TO ALL COUNTS

6. At all relevant times herein, the Defendant was the registered owner of a Ford Focus vehicle with United States Government Plate number G100968X (hereafter "defendant vehicle").

7. At all relevant times herein, David Lamoureaux of Lynn, Massachusetts was employed by the Defendant.

8. At all relevant times herein, David Lamoureaux was operating the defendant vehicle in the course of his employment with the Defendant, and with the permission of his employer, the Defendant.

9. On July 19, 2022 at approximately 7:15 a.m., the plaintiff was riding a bicycle on Washington Street in Duxbury, Massachusetts.

10. On July 19, 2022 at approximately 7:15 a.m., the Defendant's employee David Lamoureux, was operating the defendant vehicle on Harrison Street in Duxbury, Massachusetts when he drove the defendant vehicle into the intersection with Washington Street where the Plaintiff was riding his bicycle with the right of way.

11. On July 19, 2022 at approximately 7:15 a.m., a collision occurred between the defendant vehicle and the plaintiff on his bicycle on Washington Street in Duxbury, Massachusetts.

12. The Defendant's employee David Lamoureux was subsequently issued a citation for his failure to yield the right of way at an intersection as outlined in M.G.L. c. 89, § 9.

13. On July 19, 2022, the Plaintiff sustained serious and permanent injuries as a direct and proximate result of the collision with the defendant vehicle, including surgery with a post-operative diagnosis of right shoulder bursitis, SLAP tear, chondral defect anterior superior humeral head, biceps tendinitis and partial rotator cuff tear. The injuries resulted in acute denervation, right-sided brachial plexopathy, ongoing loss of motion and grip strength, weakness, and pain in the shoulder, arm and hand.

14. The Plaintiff's medical bills as a direct and proximate result of the collision with the defendant vehicle currently total $160,634.86.

15. The Plaintiff is employed as a radiologist and has an ongoing lost earning capacity claim due to the effect of his injuries sustained in the collision on his ability to perform radiology-related procedures in his practice of medicine.

16. The Plaintiff sustained property damage in the amount of $1,000.00 as a direct and proximate result of the collision.

## COUNT I

17. The plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth herein.

18. On July 19, 2022, the Defendant's employee operated the defendant vehicle in a negligent, careless, willful, wanton and/or reckless manner, so as to cause it to collide with the Plaintiff and his bicycle.

19. As a direct result of the Defendant's employee's negligent, careless, willful, wanton and/or reckless operation of the defendant vehicle, the Plaintiff was caused to sustain serious and permanent personal injuries, pain, lost wages, lost earning capacity, suffering and mental anguish. As a further direct result of the Defendant's employee's negligent, careless, willful, wanton and/or reckless operation of the Defendant's vehicle, the Plaintiff incurred medical expenses and other damages, and has been unable to engage in his usual activities for a long period of time.

## COUNT II

20. The plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if set forth herein.

21. As the registered owner of the motor vehicle operated by the Defendant's employee, the Defendant is legally responsible for the negligent, careless, willful, wanton and/or reckless operation of its motor vehicle by the Defendant's employee.

22. As the registered owner of the motor vehicle operated by the Defendant's employee, the Defendant is legally responsible for the injuries and/or damage sustained by the Plaintiff as a direct and proximate result of the negligent, careless, willful, wanton and/or reckless operation of its motor vehicle by the Defendant's employee.

23. As a direct result of the Defendant's employee's negligent, careless, willful, wanton and/or reckless operation of the Defendant vehicle, owned by the Defendant, the Plaintiff was caused to sustain serious and permanent personal injuries, pain, lost wages, lost earning capacity, suffering and mental anguish. As a further direct result of the Defendant's employee's negligent, careless, willful, wanton and/or reckless operation of the Defendant's

vehicle, the Plaintiff incurred medical expenses and other damages, and has been unable to engage in his usual activities for a long period of time.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

a. Award him compensatory damages against the Defendant in the amount of $5,001,000.00;

b. Award attorney's fees and costs of this action; and

c. Award such other and further relief as this Court may deem appropriate.

The Plaintiff,
James Galvin
By his Attorneys,

*[signature]*

Gregory A. Connly, BBO No. 558704
DOLAN CONNLY, P.C.
50 Redfield Street, Suite 202
Boston, MA 02122
Tel: (617) 265-3100
gconnly@dolanconnly.com

Dated: January 29, 2025